IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| WERHANE SERVICE CENTER, INC., ) | Chapter 11 |
| an Illinois corporation ) | |
| ) | Case No. 12-27469 |
| ) | |
| Debtor. ) | The Honorable Donald R. Cassling |

**ORDER APPROVING FORM OF NOTICE, AUTHORIZING SHORTENED NOTICE OF, AND SETTING FINAL HEARING ON MOTION TO INCUR SECURED POST-PETITION INDEBTEDNESS, AUTHORIZE PAYMENT OF OUTSTANDING CLAIMS, DISMISS CHAPTER 11 CASE, AND SHORTEN NOTICE THEREFOR**

**THIS MATTER COMING TO BE HEARD** for initial consideration upon the motion of Werhane Service Center, Inc., an Illinois corporation, debtor and debtor in possession herein (the "**Debtor**"), requesting entry of an order pursuant to Sections 105(a), 305(a)(1), 363, 364 and 1112(b)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "**Code**") and Rules 1017, 2002(a)(2), (a)(4) & (f)(2), 4001 and 9006(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"): (1) authorizing the Debtor to incur post-petition secured indebtedness; (2) authorizing the payment of all outstanding claims from the proceeds thereof; (3) dismissing the above-captioned chapter 11 case; and (4) shortening the notice required for entry of a final order granting the foregoing relief(the "**Motion**")[1]; the Court having reviewed the Motion, having considered the statements of counsel present, and being otherwise fully advised in the premises,

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

1

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent provided herein.

2. The Debtor's request for shortened notice on the Motion is hereby granted.

3. A final hearing on the Motion (the "**Final Hearing**") will be held before this Court on August 13, 2012, at 10:00 a.m. At least three (3) business days before the Final Hearing, the Debtor shall file with the Court a proposed order granting the relief requested in the Motion (the "**Proposed Order**"), and shall serve the Proposed Order by ECF, email, personal delivery, overnight mail or facsimile, upon: (i) the office of the United States Trustee for this District; (ii) counsel to the Illinois Department of Revenue; (iii) counsel to 1992 Second Street, LLC; (iv) counsel to MJK; (v) those parties requesting notice pursuant to Bankruptcy Rule 2002; and (vi) all creditors and other parties-in-interest reflected on the Debtor's schedules and statements of financial affairs, or their counsel (if known) (collectively, the "**Noticed Parties**").

4. The Claim Notice attached hereto as Exhibit A is hereby approved.

5. The Debtor shall serve by ECF, email, personal delivery, overnight mail or facsimile, within three (3) business days of the entry of this Order, a copy of the Claim Notice on the Noticed Parties, and shall file with the Court proof of service of the Claim Notice on all such Noticed Parties.

6. On or before August 9, 2012, the Debtor shall provide copies of the documents comprising the Sale Agreement (as defined in the Motion) to any creditor or party-in-interest who has made a written request for the Sale Agreement.

Dated: August 7, 2012

ENTERED:

_Donald R. Cassling_
UNITED STATES BANKRUPTCY JUDGE

2

**EXHIBIT A TO ORDER**

3

EXHIBIT A TO ORDER

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| WERHANE SERVICE CENTER, INC., ) | Chapter 11 |
| an Illinois corporation ) | |
| ) | Case No. 12-27469 |
| ) | |
| Debtor. ) | The Honorable Donald R. Cassling |

### NOTICE OF MOTION TO INCUR SECURED POST-PETITION INDEBTEDNESS, AUTHORIZE PAYMENT OF OUTSTANDING CLAIMS, AND DISMISS CHAPTER 11 CASE

TO:   ALL CREDITORS, EQUITY SECURITY HOLDERS, AND

OTHER PARTIES IN INTEREST

PLEASE TAKE NOTICE that on Tuesday, August 7, 2012, Werhane Service Center, Inc., an Illinois corporation, debtor and debtor in possession herein (the "**Debtor**"), presented a motion in the above-captioned case (the "**Chapter 11 Case**") requesting that, among other things: (1) the Court authorize the Debtor to incur post-petition secured indebtedness; (2) the Court authorize the payment of all outstanding claims from the proceeds thereof; and (3) the Court authorize the Chapter 11 Case be dismissed conditioned upon the immediate payment of 100% of all claims in the case as identified below (the "**Motion**").[1]

1.   MJK Real Estate Holding Company, LLC ("**MJK**"), a commercial real estate developer, has offered to issue a loan to the Debtor on a secured basis (the "**MJK Loan**").

2.   The Motion proposes to enter into the MJK Loan, wherein the of the loan proceeds (the "**MJK Loan Proceeds**") would be used to pay 100% of all outstanding claims

---

[1] All capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

1

(secured, administrative, priority, general unsecured) held in the Chapter 11 Case by non-insiders (the "**Claim Distributions**"). Upon completion of the Claim Distributions, the Chapter 11 Case would be dismissed (the "**Dismissal**").

3. Pursuant to the Motion, the Debtor proposes to pay in full all prepetition creditors of the Debtor's estate in the following amounts:

(a) Secured Claim –
    1992 Second Street, LLC                                      $1,302,977.04

(b) Prepetition priority claim –
    Illinois Department of Revenue                               $   58,859.72

(c) General unsecured claims owing to non-insiders
    (i)   Cardmember Services, Inc.                              $   20,436.58
    (ii)  Goodyear Tire & Rubber                                 $    4,479.60
    (iii) NAPA of Highland Park                                  $   12,261.99
    (iv)  Quality Oil                                            $    8,772.28
    (v)   Sam's Club                                             $    7,197.92

TOTAL PREPETITION CLAIMS:                                        $1,414,985.13

4. Pursuant to the Motion, the Debtor proposes to pay in full all administrative expense claims against the Debtor's estate[2]:

(a) Professional fees and reimbursement of expenses owing to the Debtor's attorneys, Cohen & Krol;

(b) Fees owing to the Office of the U. S. Trustee in this District; and

(c) Operating expenses incurred during the Chapter 11 Case in the ordinary course of the Debtor's Business.

---

[2] Combined Oil Company ("**Combined Oil**"), which supplies gas to the Debtor's business, filed a UCC financing statement on July 5, 2012 with the Illinois Secretary of State's office to secure future gas supplies to the Debtor. Combined Oil does not have a prepetition claim against the Debtor's estate, and the Debtor does not anticipate that Combined Oil will have an administrative claim as of the date of Closing.

2

5. Upon Closing, the Debtor shall remit all of the foregoing payments by cashier's check (or by wire transfer if requested by the creditor pursuant to written wire transfer instructions delivered by the creditor prior to Closing).

6. The Motion proposes that upon remittance of all of the foregoing payments, the Court shall immediately dismiss the Chapter 11 Case.

7. The Debtor believes that the Dismissal of the Chapter 11 Case after all such payments in full to the Debtor's creditors is in the best interests of its creditors, equity security holders, and other parties in interest.

8. A more detailed explanation of the foregoing relief requested by the Debtor is provided in the Motion, a copy of which was previously served upon you.

**PLEASE TAKE FURTHER NOTICE that the Court has scheduled a final hearing on the Motion for _____, August \_\_\_, 2012 at 10:00 a.m. in Courtroom 619, 219 South Dearborn Street, Chicago, Illinois 60604, at which time you may appear as you see fit. Any creditor wishing to verify the amount of its claim or requesting payment of its claim by wire transfer (rather than cashier's check) may contact the Debtor's counsel, Gina Krol, Esq., 105 W. Madison Street, Suite 1100, Chicago IL 60602; telephone: (312) 368-0300.**

3